# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BRANNON FINNEY,<br><br>             Plaintiff,<br><br>    v.<br><br>BRYAN R. HOWEY, and his marital community,<br><br>             Defendant. | Case No. 3:20-cv-00289-SLG-KFR |

## ORDER RE REPORT AND RECOMMENDATION

Before the Court at Docket 17 is Defendant Bryan R. Howey's Motion to Vacate Judgment under Rule 60(b)(4). The matter was referred to the Honorable Magistrate Judge Kyle F. Reardon. At Docket 28, Judge Reardon issued a Report and Recommendation in which he recommended that the Motion to Vacate Judgment under Rule 60(b)(4) be denied. Mr. Howey filed objections to the Report and Recommendation at Docket 29 and Mr. Finney filed a reply to the objections at Docket 30.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1] A court is to "make a de novo determination of those portions of the magistrate judge's report

---

[1] 28 U.S.C. § 636(b)(1).

or specified proposed findings or recommendations to which objection is made."[2] However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[3]

The Court has considered de novo Defendant's objections and finds as follows:

Objection #1 relates to the comment in the report that a default judgment was entered against Defendant, who failed to explain his failure to appear. Defendant argues that "none of this affects the legal issues" before the Court. The objection is overruled, as the default judgment did shift the burden of proof on jurisdiction to Defendant.

Objection #2 asserts that the report "simply concludes that the 'contract is maritime' without analysis" and only cites to cases involving seamen's employment.[4] But the magistrate judge devoted approximately four pages to an analysis of this issue, and on de novo review, the Court adopts and agrees with that analysis. While *Kossick v. United Fruit Co.* did address an alleged oral agreement between a shipowner and a seaman,[5] the magistrate judge also cited

---

[2] *Id.*

[3] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[4] Docket 29 at 2.

[5] 365 U.S. 731 (1961)

Case No. 3:20-cv-00289-SLG-KFR, *Finney v. Howey*
Order re Report and Recommendation
Page 2 of 3
Case 3:20-cv-00289-SLG-KFR   Document 31   Filed 12/19/22   Page 2 of 3

several cases involving other types of maritime contracts—most notably *Norfolk Southern Railway Co. v. Kirby*.[6]

Objection #3 asserts that the regulation of fisheries and enforcement of state laws has been well established to be outside admiralty jurisdiction, citing *Manchester v. Massachusetts*.[7] But that case is inapposite, as it recognized the right of the State of Massachusetts to regulate the fishing industry on the coasts and tidewaters of the state, while noting that the state law in question did not conflict "neither with the admiralty jurisdiction of any court of the United States conferred by congress, nor with any law of congress whatever."[8] In contrast, this case involves a maritime contract between two private parties

The Court has reviewed the Report and Recommendation and agrees with its analysis. Accordingly, the Court adopts the Report and Recommendation in its entirety, and IT IS ORDERED that the Motion to Vacate Judgment under Rule 60(b)(4) at Docket 17 is DENIED.

DATED this 19th day of December, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[6] 543 U.S. 14 (2004) (holding federal law applies to interpretation of bills of lading for transportation of cargo by ocean carrier).

[7] 139 U.S. 240 (1891).

[8] *Id.* at 260.

Case No. 3:20-cv-00289-SLG-KFR, *Finney v. Howey*
Order re Report and Recommendation
Page 3 of 3
Case 3:20-cv-00289-SLG-KFR   Document 31   Filed 12/19/22   Page 3 of 3